Santos **MORALES**, Plaintiff–Appellant,

v.

Steven **WEISS**, Mitchell Rubin, Richard Phelan, Michael Mulhall, Ramon Gibson, Terry Lauf, Jessica Bloomer, Anna Futyma, Joseph Darling, John Doe, ASA, Richard Roe, Officer, Leo OC. Arnone, City of Stamford, Andrew Czubatyj, Defendants–Appellees.[*]

No. 13–3153.

United States Court of Appeals, Second Circuit.

June 17, 2014.

* The Clerk of the Court is directed to amend the caption as above.

Santos Morales, Stamford, CT, pro se.

Neil Parille, Assistant Attorney General (George Jepsen, Attorney General) Hartford, CT, for Steven Weiss and Mitchell Rubin Michael S. Toma, Assistant Corporation Counsel, City of Stamford, Stamford, CT, for Jessica Bloomer, Andrew Czubatyj, Joseph Darling, Anna Futyma, Ramon Gibson, Terry Lauf, Michael Mulhall, Richard Phelan, and the City of Stamford, for Defendants–Appellees.

Present: ROSEMARY S. POOLER, PETER W. HALL, SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART, VACATED IN PART,** and this case is **REMANDED** for further proceedings consistent with this order.

Santos Morales, pro se, appeals from the dismissal of his 42 U.S.C. § 1983 complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the facts and underlying proceedings, which we reference only as necessary to explain our decision to: (1) vacate the dismissal of Morales's claims against defendants Andrew Czubatyj, Richard Phelan, Steven Weiss, and Mitchell Rubin; and (2) affirm the district court's judgment in all other respects.

We review Rule 12(b)(6) dismissals de novo, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.,* 634 F.3d 706, 715 (2d Cir.2011) (internal quotation marks omitted). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Courts should read a pro se complaint with "special solicitude" and interpret it "to raise the strongest [claims] that [it] suggest[s]." *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir.2011) (alterations in *Hill* ) (internal quotation marks omitted). Courts should generally not deny leave to amend a pro se complaint unless amendment would be futile. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000).

Our review of the complaint in this case leads us to conclude that the district court erred in dismissing Morales's claims against police officers Czubatyj and Phelan. The complaint's allegations, which we accept as true for purposes of Rule 12(b)(6), that those officers repeatedly tasered and kicked Morales when he was unarmed were sufficient to state claims for excessive force. We further conclude that the district court erred in dismissing Morales's claims against prosecutors Weiss and Rubin without affording plaintiff the opportunity to amend his pro se complaint to allege sufficient facts that those defendants acted outside the scope of their roles as prosecutors and, thus, were not shielded by absolute immunity.

Accordingly, the dismissal of Morales's claims against Czubatyj, Phelan, Weiss, and Rubin is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this order. In all other respects, the judgment of the district court is **AFFIRMED.**